IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ROWENA MOLSON,** | Case No. 1: 20 CV 1080 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **AD SPECHT,** | MEMORANDUM OF OPINION AND ORDER |
| **Defendants.** | |

*Pro se* Plaintiff Rowena Molson has filed a complaint "for human rights" against defendant AD Specht. (Doc. No. 1.) Her complaint is incomprehensible. It does not set forth cogent factual allegations or legal claims, and it does not identify the defendant or allege facts connecting the defendant to specific conduct. The plaintiff's one-paragraph complaint alleges in purely conclusory terms:

> torture leading towards death of self, plaintiff in April 2009 in Ashtabula, Ohio involving threats upon body, beating, verbal abuse, slanderous commentary, with unvalved communication, deprivation in cramped slighted environmental conditions, a blink away from death.

(*Id*. at 1.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded pro se plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin*

*v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). In addition, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A federal district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

Upon review, the Court finds that the plaintiff's complaint warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*. The complaint is so incomprehensible, unsubstantial, and incoherent that it does not provide a basis to establish this Court's subject-matter jurisdiction over any plausible federal claim in the case.

## Conclusion

Accordingly, this action is hereby dismissed pursuant to the Court's authority established in Apple v. Glenn, 183 F.3d 477. In light of this ruling, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 14, 2020

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE